**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rogers Cantu,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>PHH Mortgage Services,<br><br>　　　　　　Defendant. | No. CV-24-00974-PHX-DWL<br><br>**ORDER** |

Pending before the Court is a motion to dismiss filed by Defendant PHH Mortgage Services ("Defendant"). (Doc. 6.) For the following reasons, the motion is granted and this action is terminated.

**RELEVANT BACKGROUND**

On April 30, 2024, Rogers Cantu ("Plaintiff"),[1] who is proceeding *pro se*, initiated this action. (Doc. 1.) Although the sprawling 29-page complaint is not a model of clarity, Plaintiff appears to allege that he obtained a home loan from non-party Mission Loans, LLC ("Mission") in November 2022, that Mission subsequently sold the debt to another non-party, and that certain documents related to this transfer are not recorded with the Maricopa County Recorder's Office. (*Id.* at 6.) Plaintiff contends that his debt is a "nullity" as a result of these developments: "The assignment of the mortgage, without an assignment of the debt, is a nullity." (*Id.* at 22.) Plaintiff further alleges that Defendant is currently acting as his loan servicer (*id.* at 6) but "has failed to provide the original

---

[1] In the caption, Plaintiff also refers to himself as a "Vessel" and indicates that the complaint is being filed "c/o Rogers Cantu – Living Man." (Doc. 1 at 1.)

promissory note that [Plaintiff] has requested several times to verify that there was a debt or provide the loan accounting entries to prove the amount agreed to be paid and the amount that is paid off. . . . The pre-foreclosing party cannot and has not laid the proper foundational proof that it ever maintained a secured interest in the particular property." (*Id.* at 2-3.)

On May 1, 2024, the Court issued its standard notice to self-represented litigants. (Doc. 3.) Among other things, the notice explained that "[i]f you DO NOT respond to a motion within the requirements of the local Rules, the Court may assume consent to the denial or granting of the motion and may dispose of the motion summarily under Local Rule of Civil Procedure 7.2(i)." (*Id.* at 5.)

On May 2, 2024, the Court issued the preliminary order. (Doc. 4.) Among other things, the order reiterated "that failure to prosecute, to comply with court orders, or to comply with the Local and Federal Rules may result in dismissal of all or part of this case, default, imposition of sanctions, or summary disposition of matters pending before the Court." (*Id.* at 6.)

On June 6, 2024, Defendant filed the pending motion to dismiss. (Doc. 6.) In a nutshell, Defendant argues that the complaint must be dismissed under Rule 12(b)(6) because "Plaintiff admits he obtained the subject loan in 2022 yet seeks to circumvent his undeniable obligations under the Note and Deed of Trust by challenging the alleged securitization and assignment of the subject loan. Plaintiff argues that his loan is 'null and void' because an alleged assignment separated the security from the debt and PHH concealed the third-party securitization. However, many courts[,] including this District, have confirmed that securitization does not affect loan obligation of borrowers like Plaintiff." (*Id.* at 1-2.) Defendant adds: "All of Plaintiff's claims rely on the discredited 'show me the note' theory and an attack on the securitization of the Loan. . . . Courts in this District, as well as Arizona courts, have repeatedly rejected these claims, and their many variations . . . ." (*Id.* at 4.)[2]

---

[2] On June 6, 2024, Defendant also filed a request for judicial notice of the deed of trust to Plaintiff's property, which is recorded with the Maricopa County Recorder's

Pursuant to LRCiv 7.2(c), the deadline for Plaintiff to respond to Defendant's motion to dismiss was June 20, 2024. That deadline has now expired and Plaintiff did not file a response.

**DISCUSSION**

Defendant's motion could be granted for two independent reasons. The first arises from Plaintiff's failure to respond. Under LRCiv 7.2(i), "if [an] unrepresented party . . . does not serve and file the required answering memoranda, . . . such non-compliance may be deemed a consent to the . . . granting of the motion and the Court may dispose of the motion summarily." Here, Plaintiff was repeatedly advised of LRCiv 7.2(i) and the consequences of not responding to motions (Docs. 3, 4), yet he still failed to respond to Defendant's motion.

But putting aside the issue of LRCiv 7.2(i), Defendant is entitled to relief on the merits. Although the prolixity of the complaint makes it difficult to discern the precise nature of Plaintiff's claims, the Court shares Defendant's view that Plaintiff is, in essence, "rely[ing] on the discredited 'show me the note' theory" and/or advancing "an attack on the securitization of the Loan." (Doc. 6 at 4.) But as courts have repeatedly concluded, such challenges are unavailing. *See, e.g., Jones v. Countrywide Homeloan*, 2011 WL 2462845, *5 (E.D. Cal. 2011) ("Plaintiff cites no authority at all for the proposition that the sale or transfer or alienation of the promissory note changes, modifies, or eliminates the power of the designated beneficiary, here the lender. . . . [T]he legal theory related to 'securitization,' to the extent it has been expressed at all, is completely without support."); *Brosnahan v. JP Morgan Chase Bank*, 2010 WL 4269562, *3 (D. Ariz. 2010) ("Plaintiff alleges that Defendants purposely destroyed the original Note to 'securitize' it. . . . But Arizona's non-judicial foreclosure statute does not require presentation of the original Note before commencing a trustee's sale. And this Court has previously rejected the show-me-the-note theory as a basis for relief.") (citations omitted). Finally, to the extent the

---

Office. (Doc. 7.) The Court agrees that the deed is properly subject to judicial notice and may be considered at this stage without converting Defendant's motion into a motion for summary judgment. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

1 complaint seeks to assert additional claims beyond those based on securitization and/or
2 show-me-the-note theories, they fail for the reasons explained in Defendant's motion.

3       The dismissal is without leave to amend. "Dismissal of a pro se complaint without
4 leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint
5 could not be cured by amendment." *Schucker v. Rockwood*, 846 F.2d 1202, 1203-04 (9th
6 Cir. 1988) (cleaned up). Here, it is absolutely clear that Plaintiff could not cure the
7 deficiencies identified above through the assertion of additional facts—as noted, Plaintiff
8 seeks to rely on legal theories that have long been discredited.

9       Accordingly,

10       **IT IS ORDERED** that Defendant's motion to dismiss (Doc. 6) is **granted**. The
11 complaint is dismissed without leave to amend. The Clerk shall enter judgment
12 accordingly and terminate this action.

13       Dated this 25th day of June, 2024.

_____
Dominic W. Lanza
United States District Judge